IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NAEEM AHMAD<br>　　Plaintiff<br><br>v.<br><br>DAVID J. SHULKIN, SECRETARY AND DEPARTMENT OF VETERANS AFFAIRS<br>　　Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:18-cv-00164<br><br><br><br>JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff Naeem Ahmad ("Dr. Ahmad" or "Plaintiff"), and files this Original Complaint against David J. Shulkin, Secretary, and the Department of Veterans Affairs ("Defendants"), and for his cause of action, would show the Court as follows:

## I.
## INTRODUCTION

1. This action seeks equitable relief, economic damages, compensatory damages, attorneys' fees, expert witness fees, taxable costs of court, and prejudgment and post-judgment interest for violations of Title VII suffered by Plaintiff during the course and scope of his employment with Defendants.

2. Plaintiff alleges that he was subjected to race discrimination, national origin discrimination, religious discrimination and retaliation while he was employed by Defendant.

3. Plaintiff demands a jury on all issues triable to a jury.

## II.
## PARTIES

4. Dr. Naeem Ahmad is a male citizen of the United States of America, and is a resident of Houston, Texas.

5. Defendant, Department of Veterans Affairs, is a federal agency and may be served with process by serving Ryan K. Patrick, U.S. Attorney, U.S. Attorney's Office, 1000 Louisiana, Suite 2300, Houston, Texas 77002. Further, this Defendant may be served with process herein by serving the U.S. Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530.

6. Defendant, David J. Shulkin, Secretary, is the chief executive officer of the Department of Veterans Affairs, and may be served with process by certified mail through the Department of Veterans Affairs, 810 Vermont Avenue, Washington, D.C. 20420. Defendant David J. Shulkin is sued in his official capacity.

7. Whenever in this Complaint it is alleged that Defendants committed any act or omission, it is meant that the Defendants' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of the Defendants' officers, directors, vice-principals, agents, servants, or employees.

## III.
## JURISDICTION AND VENUE

8. This action is brought pursuant to Title VII, 42 U.S.C. § 2000e, *et seq*.

9. This Court has subject matter jurisdiction over all claims in this action under 28 U.S.C. § 1331.

10. This Court has personal jurisdiction over Defendants since Defendants are actively engaged in business in Texas and in Harris County, Texas.

11. Defendants have sufficient minimum contacts with Texas to establish both specific and general jurisdiction over them in Texas.

12. Venue is proper in the Southern District of Texas.

## IV.
## PROCEDURAL REQUISITES

13. Naeem Ahmad filed a charge of discrimination against Defendants under Charge Number 443-2012-00114X with the Equal Employment Opportunity Commission ("EEOC").

14. On October 17, 2017 the EEOC issued Plaintiff his Notice of Right to Sue in this matter.

15. This lawsuit has been has been filed within 90 days of Plaintiff's receipt of the Right to Sue issued by the EEOC.

16. All conditions precedent to the filing of this suit have been met

## V.
## FACTS

17. In October 2009, Naeem Ahmad began working for the Department of Veterans Affairs as a physician.

18. Dr. Ahmad worked as a physician in the Primary Care department at the Iron Mountain, Michigan facility.

19. Dr. Ahmad reported directly to the Chief of Primary Care, Dr. David Curland.

20. Dr. Curland's Assistant was Kevin Oliver.

21. Dr. Ahmad is originally from the Islamic Republic of Pakistan.

22. Dr. Ahmad's race is Asian and his national origin is Pakistani.

23. Dr. Ahmad's religion is Islam.

24. During his employment, Dr. Ahmad performed his job at an excellent level and received excellent job evaluations.

25. In March 2011, Dr. Ahmad was subjected to discrimination and harassment by Kevin Oliver.

26. While Oliver was with Dr. Curland, Oliver told Dr. Ahmad that if it were up to him, he would "wipe out" Pakistan/Afghanistan from the face of the world map.

27. Oliver also told Dr. Ahmad that there are a lot of lakes in Michigan, and that Dr. Ahmad's family might not ever find Dr. Ahmad's body.

28. Shortly after the incident, Dr. Ahmad complained of Oliver's derogatory comment and threat to management.

29. Dr. Ahmad then contacted an EEO counselor regarding the incident on July 18, 2011.

30. Dr. Ahmad was initially interviewed by the EEO counselor on July 20, 2011.

31. On August 10, 2011, Dr. Ahmad agreed to waive anonymity on August 10, 2011, and the facility director was informed of the complaint on August 16, 2011.

32. The responding managers for Dr. Ahmad's complaint were Mary Gagala and James Rice.

33. On August 20, 2011, Dr. Ahmad's clinical privileges were suspended.

34. On August 20, 2011, Dr. Ahmad was placed on a leave of absence.

35. On October 14, 2011, Dr. Ahmad's employment was terminated.

36. The reason given for Dr. Ahmad's termination was false.

## VI.
## CAUSE OF ACTION -- RACE DISCRIMINATION/NATIONAL ORIGIN DISCRIMINATION/RELIGIOUS DISCRIMINATION IN VIOLATION OF TITLE VII

37. Each and every allegation contained in the foregoing paragraphs is realleged as if fully rewritten herein.

38. Plaintiff is a Muslim who is originally from the Islamic Republic of Pakistan.

39. As such, Plaintiff is within a class of individuals protected by Title VII.

40. As described above, during his employment, Plaintiff was subjected to different terms and conditions of employment, and was terminated by Defendants because of his race, national origin and religion.

41. Direct and/or circumstantial evidence exists showing that Defendants intended to discriminate against Plaintiff and terminate his employment because of his race, national origin and religion, in violation of Title VII.

42. As a result of Defendants' actions, Plaintiff has suffered loss of wages, both in the past and in the future, as well as emotional pain, mental anguish, suffering, inconvenience, loss of enjoyment of life in the past, and in the probability will continue to suffer in the future.

## VII.
## CAUSE OF ACTION – RETALIATION IN VIOLATION OF TITLE VII

43. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

44. During his employment, Dr. Ahmad opposed Defendants' unlawful discrimination and harassment of him on the basis of his race, national origin and religion.

45. Dr. Ahmad's opposition to Defendants' conduct was protected by Title VII.

46. As described above, because Dr. Ahmad complained to Defendants about the unlawful race, national origin and religious discrimination to which he was being subjected, Defendants retaliated against him, and terminated his employment, in violation of Title VII, 42 U.S.C. § 2000e, *et seq*.

47. As a result of Defendants' actions, Dr. Ahmad has suffered loss of wages and benefits, both in the past and in the future, as well as emotional pain and mental anguish in the past, and in the probability will continue to suffer in the future.

## X.
## DAMAGES

48. Each and every allegation contained in the foregoing paragraphs are realleged as if fully rewritten herein.

49. Plaintiff seeks all available damages from Defendants that are allowed under the relevant statutes.

50. Plaintiff suffered emotional distress and mental anguish as a result of Defendants' conduct and Plaintiff seeks damages for same.

51. Plaintiff also seeks economic losses for the lost wages and benefits suffered by him as a result of Defendants' conduct.

52. Plaintiff also demands attorney's fees, expert witness fees, pre-judgment and post-judgment interest, costs of court, and any other damages allowed.

## XI.
## JURY DEMAND

53. Plaintiff requests a trial by jury on all issues triable by a jury in this case.

## XII.
## RELIEF REQUESTED

54. Plaintiff, Dr. Naeem Ahmad, respectfully prays that he be granted judgment for the following relief:

    a.    For actual and compensatory damages for the period of time provided by law, including appropriate backpay or other compensation, and reimbursement for lost pension, insurance, and all other benefits;

    b.    For compensatory damages and other damages as allowed by law;

c. For attorneys' fees;

d. For expert witness fees incurred in the preparation and prosecution of this action;

e. For pre-judgment and post-judgment interest as allowed by law;

f. For costs of court, costs of prosecuting this claim; and

g. For such other and further relief to which Plaintiff may be entitled under the relevant statutes or justly entitled.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Naeem Ahmad, prays that after trial by jury he be awarded the relief requested above, and any other such further relief whether at law or in equity to which he may show herself justly entitled.

                Respectfully submitted,

                /s/ Nasim Ahmad
                Nasim Ahmad
                Texas Bar No. 24014186
                AHMAD & CAPODICE, PLLC
                24900 Pitkin, Suite 300
                The Woodlands, Texas 77386
                Telephone:   (832) 767-3207
                Telecopier:   (281) 864-4379
                nahmad@ahmad-capodice.com

Of Counsel:
    Joseph Y. Ahmad
    Texas Bar No. 00941100
    joeahmad@azalaw.com
    AHMAD, ZAVITSANOS, ANAIPAKOS,
    ALAVI & MENSING P.C.
    1221 McKinney Street, Suite 2500
    Houston, Texas 77010
    Telephone:   (713) 655-1101
    Telecopier:   (713) 655-0062

                ATTORNEYS FOR PLAINTIFF
                NAEEM AHMAD